## SEWARD v SCHMIDT

Ohio Appeals, 2nd Dist, Clark Co.

No. 402. Decided Dec. 9, 1939.

S. A. Bowman, Springfield; Robert P. Morean, Springfield, for plaintiff-appellee.

Clifford R. Curtner, Dayton, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Clark County, Ohio.

The action was one for personal injuries claimed to have been sustained by plaintiff through defendant's alleged negligent operation of his automobile.

On October 30, 1937, at about 11:00 o'clock P. M., the defendant was driving his automobile east on West Main Street (U. S. Route 40), near Dakota Street, in the City of Springfield. Plaintiff was on the north sidewalk. He saw some relatives and acquaintances on the opposite side of the street. These friends waved salutations and plaintiff started to cross the street, not at an intersection. He stepped on to the street between parked cars and moved out to a point where he could look in both directions. He testified that a car was approaching from the east, going west, and that he waited for this car to pass, then proceeding towards the center two or three steps when he was hit and then knew nothing more. According to his attorney he did not see the car that struck him. He was rendered unconscious and later taken to a hospital. There was the smell of liquor on his breath. Both legs were broken below the knees. Subsequently he developed tuberculosis, and it was the claim of plaintiff that this was brought on through his injuries.

The claimed negligence set out in the petition was the following:

1. Excessive rate of speed, 45 miles per hour.

2. Operation at a speed greater than would enable defendant to bring it to a stop within the assured clear distance ahead.

3. Operation of the automobile without due regard for the safety of plaintiff.

4. Improper lights.

5. Driving on the wrong side of the street.

6. Not keeping a proper lookout.

Damages were claimed in the sum of $25,840.01.

Defendant's answer was set out as a first defense and a second defense.

The first defense admitted that plaintiff was involved in an automobile accident with defendant's automobile at the time and place alleged in the petition. He averred that plaintiff walked into the left side of defendant's automobile, and denies all other allegations of the petition.

The second defense of the answer averred in the alternative contributory negligence.

Specifically the second defense of the answer averred first that plaintiff was crossing the main thoroughfare at a point east of the duly designated cross walk.

2. That he was walking across the street without looking and without the use of ordinary care.

3. That he was hurrying across the street past passing vehicles without watching.

Two sections of the city ordinance were set out in the second defense of the answer, one of which was by the court withdrawn from the consideration of the jury.

Plaintiff replied, denying all averments of the answer except such as were admissions of the petition.

The transcript of the evidence comprises some 300 pages of typewritten record.

The jury returned a verdict for the plaintiff in the sum of $5,000.00, signed by nine members of the panel.

Defendant in order filed motion for judgment non obstante veredicto, and motion for new trial.

Both were overruled, and judgment entered upon the verdict.

Thereafter, within stautory time. defendant filed notice of appeal on questions of law.

Defendant-appellant submits twelve separately-numbered specifications in his assignment of errors, as follows:

I. Errors of the trial court in overruling appellant's motion for directed verdict and for judgment non obstante veredicto.

II. Injection of insurance into the case by the trial court and counsel for appellee, thereby depriving appellant from a fair and impartial trial.

III. Errors of the trial court in its general charge to the jury.

IV. Error of the trial court in refusing to give special instructions Nos. 3 and 9, properly requested by appellant before submission to the jury.

V. Errors of the trial court in the impaneling of the jury and selection of talesmen.

VI. Errors of the trial court in refusing to permit appellant's inquiry as to the jurors reading of newspapers published during trial.

VII. Errors of the trial court in withdrawing special interrogatory No. 1 from the consideration of the jury during their deliberation.

VIII. Prejudicial errors of the court and misconduct of counsel occurring during the proceedings, preventing appellant from a fair and impartial trial.

IX. Errors of court in overruling appellant's motions for mistrial, and for a new trial.

X. Errors of the trial court in striking from the answer certain ordinances properly pleaded by appellant and supported by the evidence.

XI. That the verdict was not sustained by sufficient evidence and was contrary to law.

XII. That the verdict of the jury was rendered under the influence of passion and prejudice.

Counsel for appellant in his brief very properly presents in order the several specifications, using each as a topic heading.

We will follow the same order.

I.

Errors of the trial court in overruling appellant's motions for directed verdict and for judgment non obstante veredicto.

The determination of this assignment requires a reading of the entire record. This we have done.

The question is very close, but being required to resolve all doubts in favor of the judgment, we find against appellant on this assignment of error. We refrain from a discussion of the evidence for reasons that will be apparent in discussing other assignments.

II.

Injection of insurance into the case by the trial court and counsel for appellee, thereby depriving appellant from a fair and impartial trial.

During the cross-examination of Mrs. Ida Jacobs, a witness called by the plaintiff, defendant's counsel was interrogating the witness relative to a statement that she had previously signed at the request of Mr. Schneider, associated with Mr. Curtner, counsel for appellant. During the cross-examination relative to this statement, counsel for plaintiff interposed an objection in the nature of a suggestion that the witness be permitted to identify the statement. Thereafter there was some colloquy between the court and counsel and the court then put the question to the witness: "Was anyone else there?" The witness answered, "No, at the time, but he didn't say who he was or what he was there for. That is, I mean he didn't say whether he was for Mr. Seward or the insurance company."

Counsel for defendant immediately interposed an objection to the answer, whereupon Mr. Morean, of counsel for plaintiff, arose and stated as follows: "We apologize for that statement; we warned the witness not to say anything about the insurance company." Mr. Curtner, counsel for defendant then requested the court to withdraw a juror and declare a mistrial. The motion was overruled.

When oral argument was presented, Mr. Bowman, principal counsel for plaintiff, admitted that the remark was unfortunate but argued that it should not constitute prejudicial error.

Of course, it is apparent that the attempted apology was more offensive than the answer of the witness. While this part of the answer of the witness was not at all responsive to any question, yet it might have been passed if counsel had not emphasized the fact of insurance by his attempted apology.

Since we have arrived at the conclusion that a new trial will be granted on other grounds, we will not assign this ground as one for a new trial, but would caution counsel to refrain from similar apologetic efforts, if the case be re-tried.

III.

Errors of the trial court in its general charge to the jury.

We find that the charge of the court was prejudicially erroneous in certain particulars, some of which were called to our attention through the briefs and others we note and comment upon since the case is to be re-tried.

Starting on page 324 of the record, we find the following as contained in the court's general charge to the jury:

"If you find, by a preponderance of the evidence, that the defendant was traveling in excess of 20 miles per hour, at the time of the collision, and that the place of the collision was in a business or closely built-up portion of the City of Springfield, that would be **negligence as a matter of law**; or if you find that the defendant was traveling in excess of 35 miles per hour at the time of this collision and the place of the collision was not in a business or closely built-up section of the city, that would be **negligence as a matter of law**; or if you find that at the time and place of the collision defendant was traveling at an improper or unreasonable rate of speed, having regard for the width, traffic, use and general and usual rules of said road or highway, that would be negligence as a matter of law, and that defendant's conduct if you find it in violation of any of these conditions and regulations, was also the direct and proximate cause of a collision between motor vehicle of defendant and the body of plaintiff with resulting injuries to plaintiff, **would entitle plaintiff to your verdict.**" (Emphasis ours).

The trial court in its opinion overruling motion for new trial recognizes that he was in error in stating to the jury that 20 miles an hour and 35 miles per hour would be negligence as a matter of law, but found that such erroneous charge was not prejudicial, due to the fact that later he stated that the above speeds were only presumptive evidence of negligence.

Counsel for appellee in their briefs present a splendid thesis touching the questions of negligence per se, negligence as a matter of law, presumptive negligence and other kindred subjects; and then attempt to explain away the admitted erroneous statement of the trial court. We compliment counsel and admire his efforts, but are unable to follow his reasoning that the erroneous statement was not prejudicial. While the trial court subsequent to his giving the erroneous statement did state "as regards 20 miles and 35 miles per hour that is only presumptive evidence of negligence", he did not say to the jury that he was correcting his former erroneous statement, nor does there appear any place in the charge, either directly or inferentially, a correction to disregard the erroneous part of the charge.

Since the trial court and appellee's counsel recognize the error in the above-quoted statement, it is unnecessary to cite authorities, although they are numerous and all to the same effect.

Furthermore, the rule is equally well settled that where incorrect instructions upon the same subject have been given to the jury, and where from the whole charge it is uncertain which rule the jury adopted, the judgment should be reversed.

In support of this rule we are referred to O. Jur., Vol. 2 (Appeal and Error) §770, page 938, and the cited cases referred to in appended notes.

We also refer to 1939 Cumulative Supplement under same section, where many additional and more recent Ohio cases are cited.

In the final analysis the test is as to whether or not the correct and incorrect instructions might mislead the jury. If a reviewing court can arrive at the conclusion that taking the charge as a whole, the jury would not be misled, the error will not be considered prejudicial. If, on the other hand, under like analysis, it is uncertain as to which instruction the jury followed, the error will be considered prejudicial and a new trial granted.

We hold that the erroneous charge was prejudicial.

While not specifically raised, we call attention to the last line of the above-quoted charge, wherein the trial court stated in substance that if the jury found that the defendant violated the provisions of the statute referred to and such was the direct and proximate cause of the collision between the motor vehicle and plaintiff with resultant injuries it "would entitle plaintiff to your verdict." This quoted portion of the charge is likewise ▮▮▮▮▮▮▮▮ prejudicially erroneous for the reason that it failed to take into consideration the issue of contributory negligence. The issue of contributory negligence was unquestionably an issue in the case.

Counsel for appellant unnecessarily use time and space in seeking to distinguish between negligence per se, negligence in itself and negligence as a matter of law.

We do not think there is any distinction but that the ▮▮▮▮▮▮▮▮ terms are synonymous. In any event, the question is immaterial.

The trial court in referring to the speed statute, being §12603, GC, should have told the jury that the question for determination was whether or not the motor vehicle was being operated at a speed greater or less than was reasonable and proper, having due regard to the traffic, surface and width of the road or highway, and all other conditions then existing. Then would follow instructions as to the miles per hour or speed that is prima facie lawful or unlawful.

On pages 326 and 327 of the court's charge, the trial court again stated to the jury in substance that if the defendant was guilty of any of the acts of negligence complained of, the plaintiff would be entitled to a verdict. This again was erroneous in that it failed to take into consideration the question of contributory negligence. At the top of page 327, the court erroneously, probably inadvertently, placed the burden upon the defendant that he did not violate any of the provisions of the statute or traffic ordinances heretofore read.

On page 321 of the record, at the top of the page, where the court was quoting §12603, GC, the word "unlawful" is used, whereas it should be lawful.

Subdivision B—

Counsel for appellant also urge that the trial court erred in not charging §6310-36, GC. This section reads as follows:

"Pedestrians shall not step on to or upon a public road or highway without looking in both directions to see what is approaching."

The court referred to this section as well as to ordinances, and then in substance stated to the jury that if the plaintiff violated the statutory regulations and so forth, then he has no right to recover in this action. Counsel urge that the court should have told the jury that a violation of §6310-36, GC, would constitute negligence per se. The court's ▮▮▮▮▮▮▮▮ charge was the equivalent. We find no prejudicial error in this respect.

Sub-division C—

The next claimed error is that the court improperly charged §12614-3, GC. This is a section relating to lights on vehicles traveling on highways. The court read this section and thereafter stated: "The court further charges you that there is no evidence of improper lights on the automobile of the defendant."

In effect this was withdrawing this specification of negligence from the consideration of the jury and ▮▮▮▮▮▮▮▮ it could not be understood otherwise.

Sub-division D—

A further ground of error is stated as follows:

"Errors of the court in charging on the burden of proof of the defendant in proving contributory negligence."

This objection is very technical and is based upon the fact that the court

in his instructions to the jury on the question of burden of proof said that the plaintiff was entitled to **all** of the evidence to prove the essential material allegations of the petition, but failed to include the word "all" when he was instructing on the question of burden of proof on the defendant on the question of contributory negligence. The rule is well recognized that the court should not place a greater burden or apply a different rule on one party than on the other. However, we have read the charge in its entirety and fail to find that the court offended in the particulars complained of.

Sub-division E—

A further claimed ground of error in the charge of the court is set out as follows: "Errors of the court in charging on proximate causation."

Counsel urge that the court was explicit as to the proper rule applying to plaintiff and erroneously indefinite in applying the same rule to defendant.

We find no error in this particular.

Sub-division F—

The final and last complaint on the charge of the court is stated as follows: "Errors of the court in charging on the preponderance of evidence."

The court in a few instances referred to the element of preponderance as "fair preponderance". Of course, the use of the word "fair" was improper, as was held in the cases of **Monroe Hotel Co. v Brough, 26 C. C., N. S. 185; Gibson v City of Norwalk, 13 C. C. 428.**

We determine that the instances in which this word "fair" was inadvertently used would not be prejudicial to the defendant.

IV.

"Error of the trial court in refusing to give special instructions No. 3 and 9, properly requested by appellant before submission to the jury."

Special Request No. 3 reads as follows:

"You are instructed that darkness, heavy or busy traffic on principal thoroughfares of the City of Springfield, Ohio, are nature's own warnings to arouse the natural instinct of self-preservation. Any indifference to such an instinct under such conditions would be a lack of the use of ordinary care."

We would say that this was a correct abstract proposition, and that the court could have given it to the jury without committing error. However, mere abstract propositions are not required to be given, and for that reason we find no prejudicial error in the court's refusal.

Defendant's Special Request No. 9 reads as follows:

"I charge you that Section 4D of the General Ordinances of the City of Springfield, Ohio, was passed and effected for the protection of the public and that a violation of this ordinance constitutes negligence in itself.

If you find from the evidence that the plaintiff had violated this ordinance and further find from the evidence that such violation by the plaintiff was a direct and proximate cause of the accident and resulting injuries to him, then your verdict will be for the defendant."

Defendant's answer to the second defense thereof plead the following city ordinance, which plaintiff admitted was a duly enacted legislative enactment of the City of Springfield:

"Pedestrians crossing the street in the congested district, or a business district, shall do so **only** at **street intersections or crosswalks.** Pedestrians crossing at any point other than a street intersection or crosswalk outside of the congested or business district, shall exercise due diligence for their own protection and safety."

Apparently the trial court for some reason withdrew this averment of the answer from the consideration of the jury. We infer that the court's action was based on the fact that the evidence

did not adequately disclose the scene of the accident to be in a congested or a business district. Apparently, neither side made much effort to present specific evidence on this question, and the only evidence thereon was that presented in giving location of plaintiff, defendant and certain witnesses who testified, and in no instance was it for the purpose of determining the character of the district but only for the purpose of determining relative ▓▓▓▓▓ locations. Under the state of the record, we are unable to say that the court was in error in declining to give this instruction to the jury.

At this time we might further state that the record was likewise deficient bearing on the question as to whether or not the 20 or 35 miles per hour would be the prima facie speed at which motor vehicles might be operated. While the determination of this question in both instances would be for the jury, yet it was the ▓▓▓▓▓ obligation of the court to instruct the jury as to what would be a proper definition of a closely built-up portion or congested or business district. **Hamilton v Gilkey, 56 Oh Ap 438.**

## V.

"Errors of the trial court in the impaneling of the jury and selection of talesmen."

Complaint is made that after the regular panel was exhausted, a recess was taken and bystanders called from the courtroom. When prospective puror, C. A. Schuler, was called to the jury box, counsel for defendant made the following inquiry: "Might I inquire if this is part of the regular list of jurors, or is it drawn from the wheel?" The court replied as follows: "No, called from the bystanders."

The record is somewhat indefinite but counsel for plaintiff urge that the statement of the court was inadvertently incorrect. The controlling law is §11419-48, GC. Among other things it provides as follows:

"That no person known to be in or about the court house shall be selected without the consent of both parties."

The record discloses an objection by counsel for defendant ▓▓▓▓▓ and since we are bound by the record we must determine that this constituted prejudicial error.

## VI.

"Errors of the trial court in refusing to permit appellant's inquiry as to the jurors reading of newspapers published during the trial."

The record disclosed that at the opening of the morning session, and after the case had been in progress for some time, counsel for the defendant sought to inquire of the jurors whether or not any of them had read an article appearing in the local papers on a previous date. On objection, the court refused to permit the inquiry, to which ruling exceptions were taken and the newspapers are attached to the bill of exceptions as exhibits.

We do not think that the court's action was prejudicial. The ▓▓▓▓▓ articles were nothing more than news items and contained nothing but what had been apparent throughout the trial.

It is not unusual, in fact it is the rule that newspapers have news items in their issues when any case is on trial.

Where the jurors are permitted to separate at the close of the day's session, it is within the field of probability that jurors will read their daily papers. This may be obviated by the court at the start of the trial requesting the jurors to refrain from reading any news items relative to the trial. Or the court may keep the jurors together.

## VII.

"Errors of the trial court in withdrawing special interrogatory No. 1 from the consideration of the jury during their deliberation."

This interrogatory reads as follows:

"How far from the defendant's automobile was the plaintiff when the defendant first observed him?"

The provisions of the Code permitting interrogatories is contained in §11420-17, GC, and reads as follows:

"When either party requests it, the court shall instruct the jurors, that if they render a general verdict, specially to find upon particular questions of fact to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered upon the journal and filed by the Clerk."

Immediately after submitting the instruction to the jury, the trial court made the following statement to the jury:

"The court further say to you that the distance that the defendant's automobile was from the plaintiff when the defendant first observed him, is undisputed, as the defendant himself is the only one who could answer that question, and as the defendant testified plaintiff was one foot from him when he first observed him, all parties are bound by that testimony."

We think the court was wrong in making the observation that he did, even though he was correct in his statement of fact.

It would be the province of the jury to determine whether or not they believed the defendant, and further whether or not surrounding circumstances would tend to dispute the defendant's statement.

The courts have held that trial courts should be very cautious in declining to give special requests for findings of fact, for the reason that it rarely happens that an answer to an irrelevant matter can affect the final disposition of the case, whereas the court's refusal to submit such special interrogatory may subsequently be determined prejudicial error.

After the special requests had been submitted and before the jury returned a general verdict, the jury was called in and the court instructed the jury that he had determined that he was in error in submitting the special interrogatory and withdrew the same from their further consideration.

We do not think the court was in error in withdrawing the special interrogatory, for the reason that the answer of the jury would not affect their general verdict.

## VIII.

"Prejudicial errors of the court and misconduct of counsel occurring during the proceedings preventing appellant from a fair and impartial trial."

This assignment of error is broken down into three sub-divisions, and appellant's counsel admit that any one, standing alone, in the absence of injection of insurance as presented in the first assignment of error, would not be grounds for reversal, but urge that when considered collectively they constitute prejudicial error.

First is Sub-division A, which is as follows:

"Presence of plaintiff with active tuberculosis."

The record discloses that defendant sought an order of the court preventing plaintiff appearing at the trial. Supporting affidavits were to the effect that the health of the public would be endangered through plaintiff's being in court with the communicable affliction of tuberculosis. This application was made to the trial court before the day of the trial and an order was made prohibiting plaintiff's attendance except at such times as he would necessarily have to testify. We doubt the right of the court to make this order, unless consented to by plaintiff or his counsel. If there in fact existed a condition through which the court felt that

the public health was endangered, then that would be of major importance and the trial should have been delayed.

The right of a plaintiff to be present at his own trial is elementary.

The real objection was that plaintiff's appearance would work on the sympathies of the jury and bring about an unjust verdict. In this respect we find no prejudicial error.

Sub-division B, refers to the "voir dire". The jurors were inquired of as to whether or not they had any stock in any insurance company. The Supreme Court, in the case of **Vega v Evans, 128 Oh St 535,** has finally determined that such inquiry may be made in good faith in the object of obtaining a fair and impartial jury. The writer of this opinion, and I do not speak for my associates, never could see a sound reason for this rule, but the Supreme Court has spoken and we will follow. We never review a record which contains the voir dire examination of the jury in a personal injury case that the inquiry is not made, and this member of the court at least, has never known of any juror's answering that they had stock in an insurance company, but as long as counsel was acting in good faith, the inquiry must be permitted.

There was no prejudicial error in this particular.

Under Sub-division C, we have "misconduct of counsel".

This relates to juror Charles A. Schuler. This juror during the voir dire was inquired of as to whether or not any of the attorneys of record were attorneys for him. He answered no. Following the trial showing was made by affidavit that a few days before the start of the trial, Robert P. Morean, one of counsel for plaintiff, acting as attorney for Mr. Schuler, wrote a letter to Mr. John Flannigan relative to a controversy between Flannigan and the Schulers. It was sought to show that at the time Mr. Schuler was accepted as a juror, Mr. Morean was his attorney. Both Morean and Schuler present affidavits to the effect that the relation of attorney and client did not exist at the time Schuler was acceped as a juror.

Counsel for appellant make the observation that this matter, standing alone, is of little moment, but it is very critical of counsel for plaintiff in that the latter failed to acquaint the court and counsel with the recent employment of Mr. Morean by the juror Schuler. We are inclined to think that counsel, through an abundance of caution, should have disclosed the relationship which existed only a few days previous.

However, the matter is of little moment, since the case is to be re-tried and necessarily this claimed error will not affect the new trial.

IX.

"Errors of court in overruling appellant's motions for mistrial, and for a new trial."

The determination of this error, just as in considering assignment of error No. 1, required a very careful consideration of the entire record. There is very grave doubt as to whether or not the verdict should not be set aside on the weight of the evidence. However, since a new trial will be granted upon errors so manifest as to be prejudicial, we do not consider it advantageous to go into a prolonged analysis of the weaknesses or strength of the plaintiff's case. Therefore, we refrain from making a finding that the verdict and judgment were against the manifest weight of the evidence.

X.

"Errors of the trial court in striking from the answer certain ordinances properly pleaded by appellant and supported by the evidence."

The record on this matter is so unsatisfactory that we are unable to determine that the action of the court in striking the averments relative to the ordinance from the answer, was erroneous. We have referred to this pre-

viously in considering Assignment No. 4. If counsel for defendant desires a ruling on this question, he should have the matter stricken from the answer re-instated, and then present evidence through which the jury, after proper instructions from the court, may determine whether or not the territory was a congested or business district.

## XI.

"That the verdict was not sustained by sufficient evidence and was contrary to law."

## XII.

"That the verdict of the jury was rendered under the influence of passion and prejudice."

Assignments of error Nos. 11 and 12 have in fact been fully covered and nothing more need be said at this time.

The judgment will be reversed and the cause remanded for new trial, at appellee's costs.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.