**PALMER, Plaintiff-Appellant, v. ROOF, et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1964.   Decided April 1, 1948.

Pickrel, Schaeffer and Ebeling, Dayton, for plaintiff-appellant.

Charles H. Boesch, Dayton, for defendants-appellees.

## OPINION

By WISEMAN, PJ.:

This is an appeal on questions of law from the Court of Common Pleas, Montgomery County, Ohio. The action grew out of a collision between the plaintiff's automobile and a truck owned and driven by the defendant, Roy J. Roof, on Route 48, commonly known as The Dayton and Covington Pike at a place approximately four miles north of Dayton.

The plaintiff alleged that the defendant, Roy J. Roof, was negligent in the following respects, to wit: By failing to keep a look out ahead; by failing to yield the right of way to plaintiff; by crossing onto plaintiff's side of the road; and by failing to have said automobile under control. The defendant, Roy J. Roof, denied any negligence on his part and in his cross-petition alleged that the damage was caused by the negligence of the plaintiff in the following respects, to-wit: In operating his automobile at an excessive speed in violation of the statutes of the State of Ohio; in failing to keep his said automobile under proper control and upon his right side of the center line of the highway; in unlawfully

driving his automobile to the left of the center line of the highway in violation of the laws of the State of Ohio; in unlawfully failing to give to the vehicle passing in the opposite direction one-half of the main travelled portion of the roadway in violation of the laws of the State of Ohio; and in carelessly, negligently, and unlawfully colliding with the defendant's said truck while defendant was then operating the same on his right side of the highway.

The case was tried to the jury which resulted in a verdict for the defendant, Roy J. Roof, on his cross-petition against the plaintiff in the amount of $2,500.00 and a verdict in favor of the Illinois National Casualty Company, which had been made a party defendant, having been subrogated to the rights of defendant, Roy J. Roof, on its cross-petition against plaintiff in the amount of $482.61. On motion for new trial, the court being of the opinion that the damages assessed in favor of the defendant, Roy J. Roof, were excessive ordered a remittitur in the amount of $1,000.00, with the consent of the defendant, Roy J. Roof, and thereupon overruled the motion for new trial and entered judgment accordingly.

The plaintiff-appellant has assigned nine separate grounds of error, eight of which relate to erroneous statements claimed to have been made by the court in its general charge. The court will not take up each separate ground of error but will discuss generally the separate assignments of error relating to the charge.

The court in the beginning of its general charge read the pleadings to the jury and then summarized the issues made by the pleadings. While the issues of fact may have been more clearly stated the court did charge on all the issues in the case. After considering the charge in its entirety we do not believe the charge in this regard was misleading to the jury and the failure to more clearly define the issues was not prejudicial.

The plaintiff-appellant claims that the trial judge placed the burden on him to prove that he was free from negligence. At several places in the charge language is used which seems to place that burden upon the plaintiff-appellant. The court charged as follows:

"In other words, each must establish that burden by preponderance of the evidence in order to recover damages from the other, and each must show, in order to recover, that he was free of any negligence proximately causing the collision and resulting damages."

This charge was erroneous with respect to both the plaintiff and the defendants. The court further charged:

"To entitle the plaintiff to recover in this action he must prove by preponderance of the evidence that he was damaged in the manner set forth in his petition through the negligence of defendant in the respects set forth, some one or all of them, and he must further prove that he was himself, in the exercise of ordinary care."

The pleadings did not raise an issue of contributory negligence but under the evidence the court could have properly charged on contributory negligence on the part of the plaintiff but did not do so. On an issue of contributory negligence it would have been proper to charge the jury that where the plaintiff's own evidence raises a presumption or inference of contributory negligence on the part of the plaintiff, the burden would rest on the plaintiff to remove that presumption or inference. Contributory negligence of the plaintiff is an affirmative defense, and the burden of proving it rests on defendant. At no time did the burden of proof rest upon the plaintiff to prove that he was free of negligence. However, that portion of the charge above quoted did not relate to an issue of contributory negligence and was misleading to the jury as it imposed an undue burden upon the plaintiff to prove that he was free from negligence. To so charge the jury under the issues made constitutes reversible error.

The court in its charge quoted §6307-21 GC which is the statutory provision relative to speed of motor vehicles and also embodies the "assured clear distance ahead" rule. The court then charged on the question of speed but made no application of the "assured clear distance ahead" rule. We are of the opinion that the mere reading of this portion of the statute does not constitute reversible error although it had no application to the facts in this case. See **Thompson, Admx. v. Kerr, 39 Abs 113, 127, 51 N. E. (2d) 742.**

After quoting §6307-21 GC the court immediately quoted §6307-26 GC which provides that the operators of vehicles proceeding in opposite directions shall pass each other to the right so as to give each other one-half of the main travelled portion of the roadway. The court then stated:

"The violation of a statute passed for the protection of the public is negligence per se,"

and then immediately charged as follows:

"No particular rate of speed is conclusive of the violation of the statute, and no rate of speed, is, therefore, an act of negligence per se."

This charge was followed by the following statement:

"It is the claim of the defendant that the provisions of the General Code heretofore given you were violated by the plaintiff and that such violation was proximate cause of the damage.
"I say to you in this respect, members of the jury, that if plaintiff violated the provisions of the General Code as read to you, then such violation on the part of plaintiff would be negligence in itself, etc."

This charge was not limited to §6307-26 GC but also embraced §6307-21 GC. From this portion of the charge the jury would be led to believe that the violation of either one of these Sections constitutes negligence per se. The violation of §6307-21 GC is only presumptive evidence of negligence. The court made a correct and an incorrect statement relative to the application of this Section. Where the court states a correct rule and also states an incorrect rule with reference to the same subject matter, no presumption arises that the correct rule was applied by the jury and the error in giving the incorrect rule is considered prejudicial. **Westropp v. Scripps, 148 Oh St 365; Bosjnak v. Steel Co., 145 Oh St 538, 62 N. E. (2d) 305; Seward v. Schmidt, 30 Abs 684; Vol. 2 O Jur Section 770, page 938** (numerous cases cited).

There are other claimed errors which after considering the charge as a whole were not misleading and would not constitute reversible error.

For his ninth assignment of error, appellant contends that the verdict is against the manifest weight of the evidence. There was evidence of a substantial character offered in support of the allegations of negligence set forth in the defendants' cross-petitions. After a careful consideration of all of the evidence in this case the court cannot say that the verdict was against the manifest weight of the evidence. However, because of erroneous and misleading statements made in the charge to the jury the judgment should be reversed and the case remanded for new trial.

Judgment reversed.

MILLER and HORNBECK, JJ, concur.