ROEDER, APPELLEE, *v.* FISCHER'S BAKERY, INC., APPELLANT.

(No. 9177—Decided February 4, 1963.)

*Mr. Frank J. Longano,* for appellee.

*Messrs. Pogue, Helmholz, Culbertson & French, Mr. Edward J. Utz* and *Mr. Walter S. MacKay,* for appellant.

LONG, P. J.   This is an appeal from the Court of Common Pleas, wherein plaintiff-appellee, Roeder, brought suit against Fischer's Bakery, Inc., alleging that on August 12, 1958, at about 2:15 p. m., while he was a passenger in an automobile being operated on Race Road, he was injured as the result of a collision with a vehicle being driven by an agent of defendant-appellant.   As a result of the collision, plaintiff received certain injuries.

One of the ultimate facts in the case for determination by the jury, was the place of impact of the two colliding vehicles. A deputy sheriff was called by the plaintiff and was asked this question:

"Q. Officer, where was the point of impact between the two vehicles, that is, the Fischer's Bakery truck and the passenger car?

"Objection.

"The Court: He may state if he knows."

If the collision took place, as the officer testified, five and one-half feet from the west side of the road, there is no question that defendant was negligent in the operation of its truck. In our judgment, to permit the officer to give this opinion, when it is perfectly obvious that he did not see the accident, was error. The subsequent testimony of the officer clearly indicates that he concluded that the collision took place five and one-half feet from the west curb because of the location of debris, skid marks, etc.

In the case of *Dickman* v. *Struble*, 104 Ohio App., 44, we find this exact situation in the syllabus:

"1. The place of impact of two colliding vehicles is a matter within the experience, knowledge and comprehension of an average layman or juror.

"2. In an action to recover damages for personal injuries suffered in a motor vehicle collision, it is prejudicial error to allow in evidence the opinion of an expert witness as to the place of impact of two colliding motor vehicles, where such fact is the ultimate fact in issue before the jury."

The expert in that case was a mechanical engineer, a graduate of Harvard; he also had completed a course in the Harvard Bureau of Street Traffic. In the case at bar, we do not have such an expert. We have a witness with no more qualifications than an average juror.

We also find in this case that the court in its general charge instructed the jury that if it found that the defendant, in the operation of its automobile, violated Section 4511.20, the "reckless operation" section of the Revised Code, or Section 4511.21, the "speed" section of the Code, then defendant would be guilty of negligence per se. This is not the law. It is well settled that it is the duty of the trier of the facts to determine whether, under the circumstances of the particular case, the defendant operated his vehicle in a reasonably prudent manner. A mere violation of these sections of the Code amounts to prima facie negligence only and not negligence per se.

The language of these two sections does not contain specific requirements, the violation of which would constitute negligence per se—they set forth merely rules of conduct. *Palmer* v. *Roof*, 84 Ohio App., 120; *Koppelman, a Minor,* v. *Springer, a Minor*, 157 Ohio St., 117.

For these reasons we find that the court below was in error; a new trial is ordered.

*Judgment reversed.*

HILDEBRANT and HOVER, JJ., concur.